IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua Cox, *individually and on behalf of others similarly situated, et al.*,

Plaintiffs,

-vs-

Healthcare Services Group, Inc.,

Defendant.

Case No. 3:13 CV 293

ORDER APPROVING
<u>SECTION 216(b) SETTLEMENT</u>

JUDGE JACK ZOUHARY

Upon consideration of the Joint Motion to Approve Section 216(b) Action Settlement (Doc. 129), and the attached materials, this Court finds that the settlement terms negotiated by the Parties are a fair and reasonable resolution of a *bona fide* dispute between the Named Plaintiffs and the Healthcare Services Group, Inc. ("HCSG"), that the attorneys' fees requested are reasonable, and that the settlement of the claims as to the Opt-in Plaintiffs, including Named Plaintiffs Joshua Cox, Marc McCutchen, Mathew Steinle, as they are defined in the Stipulation and Agreement of Compromise, Settlement and Release Pursuant to Section 216(b) ("Stipulation and Agreement of Compromise") (Doc. 129-1), is therefore approved.

This Court appoints Plaintiffs' Counsel Robert E. DeRose and Robi J. Baishnab of Barkan Meizlish Handelman Goodin DeRose Wentz, LLP and Hans A. Nilges and Shannon Draher of Nilges Draher, LLC as Class Counsel in this matter.

All federal Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. §§ 201, *et al.* of the Named Plaintiffs and the Opt-In Plaintiffs are dismissed with prejudice and without costs against HCSG.

This Order is not admissible as evidence for any purpose against HCSG in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against HCSG of any fault, wrongdoing, breach, or liability and HCSG specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have. Neither the fact of, nor any provision contained in the Stipulation and Agreement of Compromise or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

Understanding that the settlement of this case is dependent upon the approval of the Joint Motions to Approve §216(b) Action Settlement in *Acosta v. Healthcare Services Group, Inc.* (D. Colo. Case No. 1:13-cv-03429) and *Bowman v. Healthcare Services Group, Inc.* (N.D. Ohio Case No. 3:13-cv-1924), this Order is stayed until both Motions are granted. Upon the approval of the two Motions in *Acosta* and *Bowman*, the Parties are directed to implement the terms of the Settlement Agreement. In the event that one or both of the *Acosta* and *Bowman* Motions for approval are denied, the parties are directed to immediately contact this Court. Without affecting the finality of this Judgment, this Court reserves jurisdiction over the implementation, administration, and enforcement of this Judgment and the Agreement and all ancillary matters.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 17, 2014